# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUD ROSSMANN, ESQUIRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-1118-D ) |
| SCOTT DONALDSON, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. No. 2]. The Application has been assigned to the undersigned and pursuant to *Lister v. Dep't of the Treasury*, 408 F.3d 1309 (10th Cir. 2005), the following recommendation is submitted to United States District Judge Timothy D. DeGiusti.

## I. Background

Plaintiff, appearing pro se, identifies himself as an attorney and honors graduate of Harvard Law School. He has filed a forty-seven page Complaint [Doc. No. 1] alleging abuses of his person and property by both private and governmental individuals and entities.

In support of his Application, Plaintiff states that he has no wages, no income from any other source and no money in cash or in a checking or savings account. He owns no assets.[1] He identifies a single monthly expense of $500.00 per month but does not identify the nature of the expense or how he pays for this expense. He has no dependents. Finally, he states he owes $30,000.00 in student loan debt.

---

[1] Contrary to this representation in the Application, Plaintiff states in the Complaint that he "has established a residence as well as sited related property interests in this jurisdiction, real property, held in his name or for his benefit." *See* Complaint at p. 10, ¶ 13; *see also id.* at p. 12, ¶ 20 ("Plaintiff resides and has property in this jurisdiction.").

The Court further notes that Plaintiff is a frequent filer of lawsuits to include those involving frivolous claims. *See, e.g., Rossman v. Leader*, No. CV-13-1896, 2013 WL 6327823 at *1 n. 2 (D. D.C. Dec. 2, 2013) (unpublished op.) (observing that "the overwhelming majority of the complaint's factual allegations describe fantastical or delusional scenarios").[2] Recently, in December 2015, a court rejected Plaintiff's request to proceed in forma pauperis based on deficiencies almost identical to those accompanying the present application. *See Rossman v. Scaramucci*, No. 15cv2693-LAB (MDD), 2015 WL 8482760 at *1 (S.D. Cal. Dec. 8, 2015) (unpublished op.). And, as other courts have recognized, because Plaintiff is an attorney, he is not entitled to the same liberal treatment of pleadings and other filings, based on his pro se status. *See, e.g., Rossman v. Steizel*, No. 11-CV-4293(JS)(ETB), 2011 WL 4916898 at *3 (E.D. N.Y. Oct. 13, 2011) (unpublished op.) ("Here, given that the Plaintiff is an attorney having attended Harvard Law School and who is currently registered as a member of Bar of the State of New York since 1990, his pleading is not entitled to the degree of liberality ordinarily given to pro se plaintiffs."); *see also Rossmann v. Lazarus*, No. 1:08cv316(JCC), 2008 WL 4550791 at *1, n.1 (E.D. Va. Oct. 7, 2008) (unpublished op.) ("The Court notes that while Plaintiff has filed this lawsuit pro se, he is an attorney licensed to practice law in the state of New York. Consequently, the Court will hold Plaintiff's pleadings and briefs to the same standard it would if he were represented by counsel, and not provide him the benefit of the doubt that is normally afforded a pro se plaintiff not versed in the practice of law.").

---

[2] In some cases, Plaintiff's last name is spelled "Rossman" and in other cases, Plaintiff's last name is spelled "Rossmann." The different spellings appear to be the result of mere typographical error.

**II.     Discussion**

Pursuant to 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'destitute.'" *Id.* (citation omitted).

In this case Plaintiff has submitted an Application that lacks the information necessary to a determination of his ability to pay. He provides in most cryptic fashion his financial situation. He also makes conflicting representations in his Application and the Complaint as to whether he owns any property. As noted, Plaintiff has previously been denied leave to proceed in forma pauperis in other litigation commenced in federal court due to the submission of a similarly incomplete motion.

Plaintiff is not a prisoner, and therefore, the special concerns attendant to prisoner cases is not present. And finally, while not deciding whether Plaintiff's claims are frivolous, the forty-

seven page Complaint contains extensive allegations of fraudulent activity and conspiracies and other wrongdoing by the CIA, FBI, NSA and Israeli Prime Minister, without providing the pleading specificity required of these claims. Additionally, the Complaint also includes fantastical, irrational or wholly incredible allegations. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (a claim is factually frivolous if it depicts "fantastic or delusional scenarios"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (accord; describing a frivolous claim as one where "the facts alleged rise to the level of the irrational or the wholly incredible"). For example, Plaintiff alleges that Defendant Donaldson "built a house made to order to extremely torture, if not KILL, Brud Rossmann." *See* Complaint at p. 16, ¶ 32.[3]

Upon careful consideration of the relevant factors and Plaintiff's incomplete Application, the Court recommends that Plaintiff's Application be denied. The Court further recommends that Plaintiff not be given the opportunity to further amend the Application in light of his litigation history and the nature of the allegations contained in the Complaint.

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

---

[3] Other allegations include accusations that Defendants "almost murdered Brud Rossmann on many occasions, extremely tortured him, falsely imprisoned him, and on bases proven both evil and grossly stupid." *See* Complaint at p. 4, ¶ 5. Plaintiff also alleges interference with his court filings due to computer hacking and "network based corruption." *See id*. at p. 9, ¶ 12, n. 2. In addition to allegations of harmful action taken towards Plaintiff, he includes several offensive allegations directed at others, including threats of extreme violence. *See, e.g, id*. at p. 17, ¶ 38 and *id*. at p. 23, ¶53, n. 7.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before October 25, 2016. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 4th day of October, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE